**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOHAMD SALIM ABDESSAMED,

                Petitioner,                 Case No. 26-11926

v.                                    Hon. Jonathan J.C. Grey

KEVIN RAYCRAFT, *et al.*,

                Respondents.

_____/

**<u>OPINION AND ORDER GRANTING</u>**
**<u>PETITIONER'S WRIT OF HABEAS CORPUS (ECF No. 1)</u>**

## I.    INTRODUCTION

On June 9, 2026, Petitioner Mohamd Salim Abdessamed ("Abdessamed") filed a petition for writ of habeas corpus following his detention without a bond hearing (ECF No. 1) and moved for a temporary restraining order ("TRO") and preliminary injunction. (ECF No. 4.) The petition and motion are fully briefed. (ECF Nos. 9, 10, 13, 16.)

On June 10, 2026, the Court issued a TRO to maintain the status quo and keep Abdessamed at Corewell Hospital and in the Eastern District of Michigan while the Court reviewed the merits of the motion. (ECF No. 5.) On June 18, 2026, the Court held a hearing on the petition

and motion and **EXTENDED** the TRO until July 8, 2026.[1] The Court held a subsequent hearing on the petition and motion on July 6, 2026. (ECF No. 17.)

For the reasons below, and for the reasons stated on the record on July 6, 2026, this Court finds that Abdessamed's detention based on his failure to seek prior permission from U.S. Immigration and Customs Enforcement ("ICE") to move to a different address violates his due process rights and **GRANTS** the habeas petition on that basis. The Court finds no additional basis to extend the TRO or enter a preliminary injunction.

## II.   BACKGROUND

Abdessamed, a 23-year-old native of Mauritania, entered the United States in September 2024 and has continuously resided in the United States since his arrival. (ECF No. 1, PageID.2, 7; ECF No. 1-3.) He is seeking asylum. (ECF No. 1, PageID.2, 7.)

Following Abdessamed's entry, the Department of Homeland Security served him with a Notice to Appear ("NTA") dated September 2, 2024, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for

---

[1] On June 18, 2026, the Court also issued a text-only order.

being present in the United States without admission or parole. (ECF No. 1, PageID.7; ECF No. 1-3.) That same day, September 2, 2024, officials released Abdessamed on an order of release on recognizance. (ECF No. 9-5.)

In December 2024, the immigration court ordered Abdessamed removed because he failed to appear for a hearing. (ECF No. 9, PageID.151.) Abdessamed alleges that he missed the hearing because he was not properly or timely served and moved to reopen his closed removal proceedings for that reason.[2] (ECF No. 1, PageID.7–8.) The immigration court granted the motion to reopen and scheduled an individual hearing for October 5, 2027. (*Id.* at PageID.8.) Abdessamed's asylum application remains pending, and USCIS granted him an employment authorization card with a validity period of August 20, 2025 through August 19, 2030. (*Id.*)

On June 5, 2026, ICE officers arrested Abdessamed in Detroit. (*Id.*) According to Abdessamed, unmarked vehicles, operating without visible police markings, lights, or sirens, pursued and surrounded his vehicle.

---

[2] An affidavit written by Abdessamed on December 19, 2024 explains that he missed his hearing because he did not see the notice until after December 5. (ECF No. 9-7.)

(*Id.* at PageID.9.) Detroit television station WXYZ reported that home surveillance video recorded a collision sound before Abdessamed lost control of his vehicle. (*Id.*; *see also* ECF No. 1-6.) Neighbors described ICE vehicles operating without lights or sirens, and WXYZ also reported statements from homeowner April King that she witnessed unmarked vehicles chasing Abdessamed through the neighborhood before hitting his vehicle. (*Id.*)

Respondents tell a different story. In June 2026, immigration officials allegedly learned that Abdessamed no longer resided at the address he had listed on file with ICE. (ECF No. 9, PageID.152.) His failure to secure permission from ICE before changing his place of residence violated a condition on the order of release on recognizance and federal regulations. (ECF No. 9, PageID.152; ECF No. 9-5.) Respondents allege that immigration officials attempted to locate Abdessamed to revoke his parole on that basis and detain him. (ECF No. 9, PageID.152.)

Respondents contend that on June 4, 2026, officials surveilled the house where Abdessamed's vehicle was registered and observed an individual matching his description leaving the house and entering a vehicle registered to him. (*Id.*) Officials allegedly attempted to stop him

by activating their emergency equipment, which included using their emergency lights and sirens both in front of Abdessamed and behind him. (*Id.*) However, when officers did so, according to respondents, Abdessamed fled. (*Id.*) Respondents claim that, in the process of fleeing, Abdessamed struck three different federal law enforcement vehicles, injured an officer, and damaged law enforcement vehicles.[3] (*Id.*)

Abdessamed crashed through a gated fence, and received critical injuries, including being impaled by a pole. (ECF No. 1, PageID.9.) He was transported to Dearborn Corewell Hospital ("Corewell") for emergency medical care. (*Id.*) On June 8, 2026, immigration officials served Abdessamed in the hospital with a notice of custody determination and a warrant for his arrest. (ECF No. 9, PageID.155.)

On June 9, 2026, Abdessamed filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, within which he alleges violations of the Immigration and Nationality Act ("INA"), the Fifth Amendment Due Process Clause, and the Fourth Amendment. (ECF No. 1,

---

[3] The video submitted as a media exhibit (*see* ECF No. 8) shows what appears to be Abdessamed's vehicle moving at a fast pace, veering left, followed by the sound of a loud collision. About five or six seconds later, a black vehicle approaches the scene. No lights, sirens, or markings are apparent on the black vehicle. And none appear on any other vehicles for the rest of the video.

PageID.16–21.) After three surgeries, physicians cleared Abdessamed for discharge, and ultimately, ICE allowed his release from the hospital on June 18, 2026. (ECF No. 16-3, PageID.351.) He has since resided at his sister's home and appeared for multiple ICE check-ins. (*Id.*)

## III.   ANALYSIS

### A.   Substantive Due Process Claim: Punitive Detention

Abdessamed argues that "detention following an alleged ICE-caused crash and multiple intensive surgeries is punitive and violates due process." (ECF No. 4, PageID.113; *see also* ECF No. 1, PageID.18.) The government responds that Abdessamed's detention is not purely punitive because it is rationally connected to a legitimate government interest and not excessive. (ECF No. 9, PageID.162–165.) For the reasons stated on the record, the Court finds that detaining Abdessamed based on his failure to seek prior permission from ICE to change his place of residence violates his substantive due process rights as it: (1) is not connected to a legitimate nonpunitive governmental interest, and (2) even if detention is connected to such an interest, it would be excessive in relation to the government's purported regulatory objective.

Civil detention complies with due process if: (1) it is rationally connected to a legitimate nonpunitive governmental objective, and (2) it is not excessive in relation to that valid purpose. *Schall v. Martin*, 467 U.S. 253, 269 (1984); *see also Reno v. Flores*, 507 U.S. 292, 303 (1993) (citations omitted) ("[S]uch custody surely does not violate the Constitution. It is rationally connected to a governmental interest . . . and is not punitive since it is not excessive in relation to that valid purpose."). As defendants note, the Supreme Court and the Sixth Circuit have recognized that civil immigration detention is generally nonpunitive and constitutionally valid because it serves two legitimate nonpunitive, regulatory objectives: (1) ensuring noncitizens appear at future immigration proceedings, and (2) preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 690–691 (2001); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026).

While Abdessamed incorrectly failed to seek prior permission to move from ICE in violation of his order of recognizance, he did provide USCIS with his new address.[4] This was not a situation where he

---

[4]   Both USCIS and ICE are components of the U.S. Department of Homeland Security. U.S. Dep't of Homeland Sec., *Operational and Support Components*, https://www.dhs.gov/operational-and-support-components   [https://perma.cc/C5QF-TMZM].

intentionally failed to update his address to evade arrest or hide from immigration officials—he appeared for ICE check-ins and immigration hearings.[5] In fact, ICE knew exactly where he lived on the day it sought to detain him. Under these circumstances, detaining Abdessamed does not serve the purpose of ensuring he appears at a future immigration proceeding or preventing danger to the community where there was previously no evidence that he was a flight risk or danger. And to the extent the government maintains otherwise due to his failure to properly update his address or otherwise seek prior permission to move from ICE, detention is excessive in relation to that objective.

Moreover, the other reasons the government provides to support its position are not compelling. For instance, respondents posit that Abdessamed's detention is rationally connected to the regulatory objectives of civil immigration detention because "[l]ess than two years ago, Abdessamad traveled halfway around the world to intentionally unlawfully enter the United States" and "[h]e has no lawful status in the United States." (ECF No. 9, PageID.163.) If the Court were to accept that

---

[5] While Abdessamed failed to appear for a hearing in December 2024, he filed a motion to reopen with the immigration court to explain the situation, and the court granted the motion to reopen.

reasoning, every noncitizen who enters the country without admission or parole would automatically be deemed a flight risk and danger and would never be released. Respondents also argue that his current claim of asylum is meritless (*id.*), but that is not for this Court to decide. That is for the immigration judge overseeing his removal proceedings to determine. Finally, the Court does not credit respondents' argument that Abdessamed missed an immigration hearing due to his own negligence because the immigration court granted Abdessamed's motion to reopen his closed removal proceedings. (ECF No. 1, PageID.8; ECF No. 1-5.)

While Abdessamed argues that he cannot be detained in the future due to his ongoing medical needs, the Court finds he has not met his burden. While "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," "a prisoner's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983." *Adams v. Bradshaw*, 644 F.3d 481, 482 (6th Cir. 2011) (internal quotation marks omitted) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)). Thus, "§ 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citations omitted). However,

9

the Sixth Circuit recognizes that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement" and such is the "'heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citations omitted).

Here, the Court does not find, at this juncture, that Abdessamed has sufficiently alleged that there are *no set of conditions* that would address his concerns if he were detained, given his current medical status. While Abdessamed has upcoming medical appointments scheduled, counsel described them as routine follow-ups at the July 6 hearing. Moreover, Abdessamed has not submitted updated medical records[6] that show that, in his current state, no set of conditions would be constitutionally sufficient to address his medical needs. Without more, the Court cannot grant habeas relief under such speculative and hypothetical harm.

For the reasons above, the Court **GRANTS** the habeas petition because detaining Abdessamed for failing to seek prior permission from

---

[6] The medical records Abdessamed submits are dated June 18, 2026 or earlier. (ECF No. 16-2.)

ICE to change his place of residence under these circumstances is punitive and violates his due process rights.[7]

## IV.   CONCLUSION

**IT IS ORDERED** that Abdessamed's habeas petition (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Abdessamed's due process rights were violated when ICE attempted to arrest him on or about June 4, 2026. Abdessamed **SHALL NOT** be held in custody on the basis that he failed to seek prior permission from ICE to move before June 4, 2026.

**IT IS FURTHER ORDERED** that the Court's TRO will expire on **July 8, 2026.**

**SO ORDERED.**

Dated: July 8, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

---

[7] Because the Court grants the petition on this ground and Abdessamed is not currently detained, the Court refrains from addressing Abdessamed's procedural due process claim. Moreover, the Court finds that Abdessamed's Fourth Amendment claim is best addressed in the context of his pending criminal case. (*See* ECF No. 12, PageID.247 ("Further, petitioner violated a federal criminal law when he attempted to flee immigration officials . . . And he has an active arrest warrant.").); *see also Romero v. Brown*, No. 1:26-CV-00007-SMR-SBJ, 2026 WL 1021455, at *3 (S.D. Iowa Apr. 15, 2026) (collecting cases) ("[E]ven if [petitioner's] Fourth Amendment rights were violated, his requested relief would not be the appropriate remedy . . . A Fourth Amendment violation at the moment of arrest provides scant justification for a subsequent release from custody or a bond hearing.").

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager

12